UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN CHRISTOPHER COFFER,

Plaintiff,

v.

ERICSON, et al.,

Defendants.

No.  2:23-cv-02474 AC

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 11, 28.  Accordingly, the motions to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3  § 1915(b)(2).

4       II.        Motions to Appoint Counsel

5           Plaintiff has requested the appointment of counsel.  However, the United States Supreme

6  Court has ruled that district courts lack authority to require counsel to represent indigent prisoners

7  in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

8  exceptional circumstances, the district court may request the voluntary assistance of counsel

9  pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

10  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

11           The test for exceptional circumstances requires the court to evaluate the plaintiff's

12  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

13  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

14  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

15  common to most prisoners, such as lack of legal education and limited law library access, do not

16  establish exceptional circumstances that would warrant a request for voluntary assistance of

17  counsel.  In the present case, the court does not find the required exceptional circumstances.

18       III.       Statutory Screening of Prisoner Complaints

19           The court is required to screen complaints brought by prisoners seeking relief against "a

20  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

21  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

22  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

23  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

24           A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

25  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

26  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

27  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

28  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

1   stated in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

2   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

3   <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

4         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

5   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

6   what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550

7   U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

8   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

9   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>,

10  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

11  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

12  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

13  speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

14  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

15  cognizable right of action." <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur

16  R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

17        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

18  relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

19  <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

20  content that allows the court to draw the reasonable inference that the defendant is liable for the

21  misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  In reviewing a complaint under this

22  standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg.</u>

23  <u>Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

24  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

25  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

26        IV.    <u>Complaint</u>

27        While an inmate at California State Prison-Sacramento ("CSP-Sac"), plaintiff attempted to

28  commit suicide on two occasions.  After the second suicide attempt, plaintiff alleges that

3

correctional officers ran into his cell wearing riot gear and jumped on top of him even though he was unconscious and not a threat to them.  He suffered injuries as a result.  Plaintiff asserts that these officers used excessive force against him.

Plaintiff also alleges that Dr. Saltz failed to recognize plaintiff's mental health needs for years, which caused plaintiff to be mentally unstable.  Although plaintiff names five correctional officers as additional defendants in this action, he generally alleges that they "[d]id an extremely poor job" helping him with his mental health concerns.  ECF No. 1-1 at 3.

V.    Legal Standards

The following legal standards are provided based on plaintiff's pro se status as well as the nature of the allegations in the complaint.

A.    Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

B.    Deliberate Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

4

1    In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439

2  F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

3  grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

4  plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

5  condition could result in further significant injury or the 'unnecessary and wanton infliction of

6  pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

7  existence of an injury that a reasonable doctor or patient would find important and worthy of

8  comment or treatment; the presence of a medical condition that significantly affects an

9  individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

10 at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

11    Second, the plaintiff must show the defendant's response to the need was deliberately

12 indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

13 or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

14 indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

15 which the inference could be drawn that a substantial risk of serious harm exists," but that person

16 "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

17 approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

18 showing of merely negligent medical care is not enough to establish a constitutional violation.

19 Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A

20 difference of opinion about the proper course of treatment is not deliberate indifference, nor does

21 a dispute between a prisoner and prison officials over the necessity for or extent of medical

22 treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

23 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of

24 medical treatment, "without more, is insufficient to state a claim of deliberate medical

25 indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

26 Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

27 prisoner must show that the delay caused "significant harm and that Defendants should have

28 known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

5

1   C.      Excessive Force

2       The Eighth Amendment prohibits prison officials from inflicting cruel and unusual

3   punishment on inmates which has been defined as "the unnecessary and wanton infliction of

4   pain." Whitley v. Albers, 475 U.S. 312, 319 (1986).  "[W]henever prison officials stand accused

5   of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the

6   core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore

7   discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7

8   (1992).  The court's inquiry into an excessive force claim focuses on the extent of the prisoner's

9   injury, the need for application of force, the relationship between that need and the amount of

10  force used, the threat reasonably perceived by the responsible officials, and any efforts made to

11  temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (1992) (quotation marks and

12  citations omitted).  While the absence of a serious injury is relevant to the Eighth Amendment

13  inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to

14  cause harm always violates contemporary standards of decency in violation of the Eighth

15  Amendment.  Whitley, 475 U.S. at 327.

16  VI.     Failure to State a Claim

17      The court finds the allegations in plaintiff's amended complaint to be so vague and

18  conclusory that it is unable to determine whether the current action is frivolous or fails to state a

19  claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must

20  give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev.

21  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  To the extent that plaintiff identifies individual

22  defendants, he does not allege any specific overt acts which each defendant engaged in that

23  support plaintiff's claim of deliberate indifference to his serious medical needs.  See Johnson v.

24  Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  The court is unable to determine

25  from the complaint which correctional officers were involved in failing to prevent each of

26  plaintiff's suicide attempts or which officers used excessive force against plaintiff.  For all these

27  reasons, the court finds that plaintiff has failed to adequately state any claim for relief against

28  defendants.

6

1    VII.    Leave to Amend

2          The complaint does not state any cognizable claims for relief and plaintiff will be given an

3    opportunity to file an amended complaint.  If plaintiff chooses to file an amended complaint, he

4    must demonstrate how the conditions about which he complains resulted in a deprivation of his

5    constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also

6    allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs.

7    Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983

8    unless there is some affirmative link or connection between a defendant's actions and the claimed

9    deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague or

10   conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

11   Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

12         Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

13   his amended complaint complete.  Local Rule 220 requires that an amended complaint be

14   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

15   amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

16   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

17   Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

18   in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

19   any previous complaints no longer serve any function in the case.  Therefore, in an amended

20   complaint, as in an original complaint, each claim and the involvement of each defendant must be

21   sufficiently alleged.

22   VIII.   Plain Language Summary of this Order for a Pro Se Litigant

23         Your request to proceed in forma pauperis is granted.  That means you do not have to pay

24   the entire filing fee now.  You will pay it over time, out of your trust account.

25         Your complaint will not be served because the facts you alleged are not enough to state a

26   claim.  The facts stated in your complaint are too general for the court to tell whether they rise to

27   the level of a constitutional violation.  Also you do not clearly state which defendant(s) did what

28   things that may have violated your rights.  Instead of saying that "correctional officers" were

7

responsible, you need to identify which one(s).  Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

You may amend your complaint to try to fix these problems.  An amended complaint should include: (1) the name of defendant(s); (2) the specific action(s) performed or failed to be performed by each defendant; (3) the date or time frame of those action(s); (4) how the action(s) caused injury to you; and (5) what rights of your were violated.

If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 11, 28) are granted.

2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.  Plaintiff's motions for the appointment of counsel (ECF Nos. 14, 22, 24, 27, 31) are denied.

4.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

5.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

8

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

7. Plaintiff's requests for subpoenas (ECF Nos. 40, 41) are denied as premature.

DATED:  September 20, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE