UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER, | No. 2:23-cv-2474 AC P |
| Plaintiff, | |
| v. | ORDER |
| ERICSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. On September 20, 2024, the court granted plaintiff's motion to proceed in forma pauperis, denied plaintiff's motions for appointment of counsel, denied plaintiff's motions for subpoenas as premature, found that plaintiff failed to state a claim upon which relief may be granted, and granted plaintiff leave to file an amended complaint. ECF No. 42 at 1-2, 6-9. Now pending before the court are plaintiff's first amended complaint, requests for status, and motions for subpoenas and to appoint counsel. ECF Nos. 45-48, 50. For the reasons stated below, the court will (1) provide plaintiff the option to proceed on the cognizable claims the court has identified in Section VI below or amend the complaint, (2) grant plaintiff's requests for status, and (3) deny plaintiff's motion for subpoenas and motion for appointment of counsel.

////

////

1

I. <u>Requests for Status</u>

Plaintiff's requests for status are granted to the extent the status of the case has been provided above.

II. <u>Motion for Subpoenas</u>

Both the FAC and a separate motion for subpoenas seek to subpoena documents related to plaintiff's claims. ECF No. 45 at 2; ECF No. 46 at 4, 258, 267. Because this case is still at the screening stage and no defendant has been served, plaintiff's request and motion for subpoenas are denied as premature. In the event any defendant is served and files an answer, a schedule will be set for discovery at that time.

For future purposes, plaintiff is cautioned that if he seeks assistance in serving subpoenas, he must make a showing that such assistance is warranted, which includes showing that he cannot receive the documents he seeks by way of discovery requests to defendants. Failure to make this showing will result in denial of a motion for subpoenas.

III. <u>Motion for Appointment of Counsel</u>

Pending before the court is plaintiff's sixth motion to appoint counsel, which was filed only a month after the court denied plaintiff's first five motions. <u>See</u> ECF Nos. 42, 47. A comparison of the sixth motion with the prior five motions provides no new, persuasive information that warrant a different result. <u>See</u> ECF Nos. 14, 22, 24, 27, 31, 47. The only new statement is that plaintiff *will be* requesting a mental health evaluation under Federal Rule of Civil Procedure 35. ECF No. 47. Because district courts lack the authority to require counsel to represent indigent prisoners in § 1983 cases, <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989), and there appear to be no exceptional circumstances for the court to request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990), the court denies plaintiff's motion.

IV. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A

1    claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.
2    Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on
3    an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S.
4    at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
5    arguable legal and factual basis. See Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989).

6    In order to avoid dismissal for failure to state a claim a complaint must contain more than
7    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
8    of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
9    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10   statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
11   court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial
12   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
13   inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When
14   considering whether a complaint states a claim, the court must accept the allegations as true and
15   construe the complaint in the light most favorable to the plaintiff. Northstar Fin. Advisors, Inc. v.
16   Schwab Invs., 904 F.3d 821, 828 (9th Cir. 2018).

17   V.     Factual Allegations of the Complaint[1]

18   The first amended complaint ("FAC") alleges that defendants Saltz, Costa, Edwards,
19   Grigsby, Ericsson, Prasad, and unnamed doctors and nurses ("Doe defendants")[2] at California
20   State Prison Sacramento ("CSP-Sac"), in their individual capacities, and the California
21   Department of Corrections and Rehabilitation ("CDCR"), violated plaintiff's rights under the

---

[1] The FAC consists of a total of 279 pages.  ECF No. 46.  Seventeen non-consecutive pages appear to make up the body of the complaint. Id. at 1-6, 11, 13, 24, 26-28, 31, 33, 258, 267, 279.  The other 262 pages are exhibits, id. at 7-10, 12, 14-23, 25, 29-30, 32, 34-257, 259-266, 268-278, which will not be considered as part of the screening process. It is not the court's responsibility to sift through plaintiff's exhibits to attempt to decipher what specific claims he may be attempting to make against defendants, and analysis of plaintiff's claims will be based only on the allegations contained within the body of the complaint itself.

[2] Plaintiff refers to some defendants as unknown doctors and nurses and seeks to subpoena their names so that he can name them in this case.  For the sake of clarity, the court will refer to them as Doe defendants.

Eighth Amendment. ECF No. 46.[3] Specifically, plaintiff alleges that Saltz and Costa were deliberately indifferent to his medical needs and safety when, in April of 2021, plaintiff told Saltz and Costa he was suicidal and that he had been cutting his wrist in an attempt to kill himself. Id. at 3, 27, 28, 31, 33. Plaintiff showed Saltz and Costa the three cuts on his wrist, which he alleges are still present today, and that he told them he was hearing voices and that he wanted to kill himself. Id. at 27, 28, 31. Saltz and Costa were dismissive and sent him back to his cell. Id. at 28, 31, 33. Because of this plaintiff spiraled into a greater depression and tried to kill himself a few more times. Id. at 3.

Plaintiff also alleges that on July 21, 2021, he was having a hard time coping, was "hearing an excessive amount of voices," and tried to kill himself by suffocation. Id. at 13. He fainted and while he was unconscious, Edwards, Ericsson, and another officer attacked him with riot gear, jumped on him, pulled him side to side, and handcuffed and shackled him, knocking the wind out of him, causing injury to his ankles and emotional distress. Id. at 6, 11, 13. He further claims that Edwards, Ericsson, and another officer failed to immediately call medical after finding plaintiff unconscious in his cell after a suicide attempt. Id. at 11.

Plaintiff also alleges that Doe defendants were deliberately indifferent to his medical needs and safety on July 21, 2021, because, despite knowing that he tried to suffocate himself and had fainted and hit his head, they failed to send him to the hospital for treatment and failed to send him to a mental health crisis bed. Id. at 24, 267. Plaintiff claims that because of these Doe defendants' actions or inaction, he now suffers from headaches. Id. at 24.

Plaintiff further alleges that Prasad was deliberately indifferent to his medical needs and safety between July 21, 2021 and October 30, 2021, because Prasad failed to send plaintiff to an outside hospital for a medical evaluation after he tried to suffocate himself, and failed to admit

---

[3] Plaintiff does not list Prasad or CDCR as a defendant in the caption or "Defendants" section of his FAC. See ECF No. 46 at 1-2. However, plaintiff identifies Prasad and CDCR as defendants and makes allegations against them in the complaint. Id. at 26, 279. While the court will address the allegations against these defendants here, if plaintiff chooses to amend the complaint, he is cautioned that, in an amended complaint, all individuals and entities he intends as defendants must be listed in the caption or "Defendants" section of the complaint or they will not be considered defendants.

him to a crisis bed for a mental health evaluation and/or send him to a higher level of care until October 2021. Id. at 26.[4] Plaintiff claims that because Prasad failed to do these things, he went through three months of emotional distress and tried to kill himself on three separate occasions after the July 21, 2021, incident. Id.

Lastly, plaintiff alleges that CDCR is liable for deliberate indifference because defendants Saltz and Costa provided inadequate mental health care and failed to automatically send him to a crisis bed. Id. at 279. Plaintiff seeks monetary damages and an order from the court requiring CDCR "to make a policy if an inmate is stating suicidal, has self harm injuries or attempted to kill themselves, CDCR should automatically send that person to a mental health crisis bed." Id. at 5, 279.

VI.     Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated valid claims for relief pursuant to the Eighth Amendment against defendants Saltz, Costa, Edwards, Ericsson, and Prasad for deliberate indifference, and against Edwards and Ericsson for excessive force.

Defendants Saltz, Costa, Edwards, Ericsson and Prasad were allegedly aware of plaintiff's suicidal thoughts and/or attempts, and therefore aware of plaintiff's serious medical need, yet they delayed and/or denied plaintiff any form of treatment. Defendants Saltz, Costa, and Prasad were allegedly aware that plaintiff was suicidal, and that keeping plaintiff in his current housing conditions where he had self-harmed presented a substantial risk of serious harm to plaintiff. Additionally, defendants Edwards and Ericsson allegedly attacked plaintiff with riot gear, jumped on him, and handcuffed and shackled him while unconscious, and failed to stop the attack by the other officers. These allegations state cognizable Eighth Amendment claims.

VII.    Failure to State a Claim

The allegations in the complaint are not sufficient to state any claim for relief against Grigsby, the Doe defendants, or CDCR. Plaintiff names defendant Grigsby on the caption page

---

[4] Although plaintiff does not explicitly state Prasad engaged in these actions, the court infers as much since plaintiff labeled this claim "Sangita Prasad Claim." ECF No. 46 at 26.

but does not separately allege anything that Grigsby did or did not do to violate his rights. With respect to Doe defendants, although plaintiff need not identify each defendant by name at this stage of the litigation, plaintiff must still identify each defendant separately and alleged what each defendant did or did not do that violated his rights, which he has not done. The court is therefore unable to determine, at this time, whether plaintiff has stated any cognizable claim against Doe defendants. Lastly, CDCR is not a "person" for purposes of § 1983 liability and the Eleventh Amendment bars suits against CDCR.

VIII. Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendants Saltz, Costa, Edwards, Ericsson and Prasad for deliberate indifference, and Edwards and Ericsson for excessive force under the Eighth Amendment. By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendants Grigsby, Doe defendants, and CDCR. The court will proceed to immediately serve the complaint and order a response from defendant Saltz, Costa, Edwards, Ericsson, and Prasad.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section VII against defendant Grigsby and Doe defendants. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

IX. Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated claims against (1) defendants Saltz, Costa, Edwards, Ericsson, and Prasad for deliberate indifference, and (2) defendants Edwards and Ericsson for excessive force. You have not stated any other claims against any defendants.

You have a choice to make. You may either (1) proceed immediately on your claims against Saltz, Costa, Edwards, Ericsson, and Prasad for deliberate indifference, and Edwards and

6

Ericsson for excessive force and voluntarily dismiss the other claims; **or**, (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

X.     CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for status (ECF Nos. 45, 48, 50) are GRANTED.

2. Plaintiff's motion for subpoenas (ECF No. 45) is DENIED as premature.

3. Plaintiff's motion for appointment of counsel (ECF No. 47) is DENIED.

4. Plaintiff's claims against defendants Grigsby, Doe defendants, and CDCR do not state claims for which relief can be granted.

5. Plaintiff has the option to proceed immediately on his deliberate indifference and excessive force claims against defendants Saltz, Costa, Edwards, Ericsson, and Prasad as set forth in Section VI above, or to file an amended complaint.

6. **Within 21 days** from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

7. If plaintiff decides he would like to amend the complaint, the Second Amended Complaint will be limited to no longer than twenty-five (25) pages in length and should not rely on exhibits. Instead, plaintiff should explain to the court what each defendant did or did not do in the body of the complaint, and comply with the Federal Rules of Civil Procedure, including Rule 8(a), which requires a short and plain statement of the claims and relief sought.

8. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of plaintiff's claims against Grigsby, Doe defendants, and CDCR.

DATED: February 6, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER, | No. 2:23-cv-2474 AC P |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| ERICSON, et al., | |
| Defendants. | |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his deliberate indifference and excessive force claims against defendants Saltz, Costa, Edwards, Ericsson, and Prasad without amending the complaint. Plaintiff understands that by choosing this option, the remaining claims against defendants Grigsby, Doe defendants, and CDCR will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:_____

                                                                                    Jonathan Christopher Coffer
                                                                                    Plaintiff pro se

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Section 1983

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Accordingly, "the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2)

1

proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

### B. Eleventh Amendment and Official Capacity Claims

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief." See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010); Fireman's Fund Ins. Co., v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) ("The Eleventh Amendment bars suits which seeks either damages or injunctive relief against a state, 'an arm of the state', its instrumentalities, or its agencies."). A suit against CDCR is barred by the Eleventh Amendment. Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989) (only "person[s]" may be sued for depriving civil rights under § 1983, and states are not "person[s]" within the meaning of § 1983).

The Eleventh Amendment, however, does not bar suits seeking damages against state officials in their individual capacities. Hafer v. Melo, 502 U.S. 21, 30-31 (1991). Nor does it bar suits seeking only prospective declaratory or injunctive relief against state officers sued in their official capacities. Will, 491 U.S. at 71 (state officials sued in their official capacity for prospective relief are "person[s]" within the meaning of § 1983").

### C. Doe Defendants

Although the use of Doe defendants (unknown defendants) is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names. See Mosier v. Cal. Dep't of Corr. & Rehab., No. 1:11-cv-1034 MJS PC, 2012 WL 2577524, at *3, 2012 U.S. LEXIS 92286, at *8 (E.D. Cal. July 3, 2012), Robinett v. Corr. Training Facility, No. C 09-3845 SI (PR), 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at *12-13 (N.D. Cal. July 20, 2010). Additionally, to state a claim against Doe defendants, plaintiff must allege conduct by each specific Doe defendant to establish liability under 42 U.S.C. § 1983. This means that plaintiff should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each

individual did to violate his rights.

### D. Personal Involvement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### E. Deliberate Indifference to Medical Needs

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d

at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.  "A heightened suicide risk or an attempted suicide is a serious medical need."  See Conn. v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010), vacated by City of Reno, Nev. v. Conn, 563 U.S. 915 (2011), reinstated in relevant part by Conn v. City of Reno, 658 F.3d 897 (9th Cir. 2011).

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A showing of merely negligent medical care is not enough to establish a constitutional violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

### F. Deliberate Indifference to Safety – Failure to Protect

"[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).  Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate

1  indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The
2  official is not liable under the Eighth Amendment unless he "knows of and disregards an
3  excessive risk to inmate health or safety." Id. at 837. He must then fail to take reasonable
4  measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an
5  inmate from harm is not actionable under § 1983. Id. at 835.
6        Police officers have a duty to intervene when fellow officers violate the constitutional
7  rights of a suspect or other citizen. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000),
8  as amended (Oct. 31, 2000) (citation omitted). At the same time, however, they may only be held
9  liable for failure to intervene if they had an opportunity to do so. See id. at 1289-90 (citing
10 Bruner v. Dunaway, 684 F.2d 422, 426-27 (6th Cir. 1982) (holding officers who were not present
11 at time of alleged assault could not be held liable in a Section 1983 action)). The failure to
12 intervene violates a prisoner's Eighth Amendment rights. See Robins v. Meecham, 60 F.3d 1436,
13 1442 (9th Cir. 1995).
14       G.  Excessive Force
15     The Eighth Amendment prohibits prison officials from inflicting cruel and unusual
16 punishment on inmates which has been defined as "the unnecessary and wanton infliction of
17 pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused
18 of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the
19 core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore
20 discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7
21 (1992). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's
22 injury, the need for application of force, the relationship between that need and the amount of
23 force used, the threat reasonably perceived by the responsible officials, and any efforts made to
24 temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations
25 omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it
26 does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm
27 always violates contemporary standards of decency in violation of the Eighth Amendment.
28 Whitley, 475 U.S. at 327.